United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSEPH SCHEINUCK,

    Plaintiff,

v.

MATTHEW CATE; A. HEDGEPETH; M. SEPULVEDA; G. ELLIS; L. ZAMORA; DR. NYENKE; K. ALLISON; JOHN AND JANE DOES,

    Defendants.
                                /

No. C 11-0017 WHA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

**INTRODUCTION**

Plaintiff, an California prisoner, filed a pro se civil rights complaint under 42 U.S.C. 1983 against employees of the Santa Clara County Department of Corrections as well as the County of Santa Clara based on alleged violations of his constitutional rights when he was housed at the Santa Clara County Jail. He has been granted leave to proceed in forma pauperis in a separate order. Based upon a review of the complaint pursuant to 28 U.S.C. 1915A, it is dismissed with leave to amend.

**ANALYSIS**

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    LEGAL CLAIMS**

The complaint contains a substantial number of improperly joined claims. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). The rules are somewhat different when, as here, there are multiple parties. Multiple parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all

defendants will arise in the action." *Id.* at 20(a)(2).

The upshot of these rules is that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits." *Ibid.*

Plaintiff makes a wide range of allegations about the conditions of his confinement at the county jail between 2005 and 2009 against eight named defendants and eleven unnamed defendants. He has submitted claims for inadequate dental care in 2007; inadequate care for a wide variety of medical conditions on different occasions, including not being prescribed certain medication for Hepatitis C between 2005 and 2009, not receiving crackers to take with another medication in 2009, not receiving his pills on one occasion in 2008 and twice in 2009, failure to properly treat his cracked feet in 2009, changing and delaying his appointments in 2009; the denial of access to the courts by inadequate access to legal materials, inadequate legal assistance on how to file lawsuits on unspecified occasions, and the confiscation and loss of certain legal materials when he was transferred to state prison in 2009. Plaintiff alleges that these violations of his rights were carried out by different defendants on different occasions, and they clearly do not all arise out of the same transaction, occurrence or series of occurrences, nor do they involve a common question of law or fact.

"A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *Ibid.* The instant complaint is a prime example of such a "buckshot" complaint in which plaintiff sues about a variety of disparate matters that he found objectionable over the course of four years in the county jails. Accordingly, the defendants and claims in the complaint are improperly joined.

Although a court may strike individual claims that are not properly joined, it cannot be determined here which of the many claims plaintiff may wish to keep and which he wants to omit. *See* Fed. R. Civ. P. 21. Thus, instead of dismissing certain claims and defendants, the

3

1  complaint is now dismissed with leave to file an amended complaint. The amended complaint
2  must comply with Federal Rules of Civil Procedure 18 and 20 concerning joinder of claims and
3  defendants, and if it does not then this action will be dismissed.

### CONCLUSION

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order (No. C 11-0017 WHA (PR)) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time and in accordance with this order will result in the dismissal of this action claims.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff also must comply with all orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: August   29  , 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE